ATTORNEY GENERAL HENRY HAS RECEIVED YOUR LETTER OF JULY 27, 1989, REQUESTING AN OFFICIAL OPINION AS TO THE EFFECT OF 61 O.S. 113.2 (1988) ON A CONSTRUCTION CONTRACT ENTERED INTO BY INDEPENDENT SCHOOL DISTRICT NO. 16, STILLWATER, PAYNE COUNTY, OKLAHOMA AND D. C. BASS SONS CONSTRUCTION COMPANY. FOR THE REASONS DISCUSSED BELOW, HE HAS DIRECTED ME TO RESPOND TO YOU THROUGH THIS INFORMAL LETTER.
YOUR LETTER ASKS WHETHER THE STATUTORY PROVISION 61 O.S. 113.2 (1988) NULLIFIES THE RETAINAGE PROVISION OF THE CONSTRUCTION CONTRACT. THE ANSWER TO YOUR QUESTION AS POSED DEPENDS IN LARGE PART ON THE INTERPRETATION OF THE CONTRACT AS A WHOLE. THUS, THE RESOLUTION OF THE MATTER TURNS ON ISSUES OUTSIDE THE SCOPE OF AN OFFICIAL OPINION OF THE ATTORNEY GENERAL. ADDITIONALLY, A SUCCESSION OF ATTORNEYS GENERAL HAVE DECLINED TO ISSUE OFFICIAL OPINIONS WHICH HINGE ON THE ANALYSIS OF EVIDENTIARY-TYPE MATERIALS LIKE THE CONTRACT IN QUESTION. TITLE 74 O.S. 18B(E) PERMITS THE ISSUANCE OF AN OPINION ONLY ON ISSUES WHICH CAN BE RESOLVED AS A MATTER OF LAW. THE CONFLICT PRESENTED BY YOUR QUESTION CANNOT BE ADDRESSED IN THE ABSTRACT.
TITLE 61 O.S. 101 (1988) ET SEQ. IS KNOWN AS THE "PUBLIC COMPETITIVE BIDDING ACT OF 1974". 61 O.S. 113.1 SPECIFIES CERTAIN RETAINAGE PROVISIONS WHICH SHALL BE INCLUDED IN PUBLIC CONSTRUCTION CONTRACTS AND ARE THEREFORE MANDATORY. FROM YOUR LETTER, IT APPEARS THAT THE RETAINAGE PROVISION OF THE CONSTRUCTION CONTRACT IN QUESTION IS BASED ON 113.1.61 O.S. 113.2 ALLOWS THE CONTRACTOR TO MAKE WITHDRAWALS FROM THE RETAINAGE SET ASIDE BY VIRTUE OF 61 O.S. 113.1 UPON POSTING SECURITY AS PRESCRIBED WITHIN 113.2. THE PROVISIONS OF 113.2 DO NOT APPEAR TO BE MANDATORY, IN THAT THEY SET OUT A WAY THAT THE CONTRACTOR MAY MAKE WITHDRAWALS FROM THE RETAINAGE. ASSUMING 113.2 IS APPLICABLE TO THE CONTRACT IN QUESTION, IT WOULD NOT NULLIFY 113.1. BOTH PROVISIONS CAN EXIST WITHIN THE SAME CONTRACT.
THE REAL QUESTION IS WHETHER OR NOT 61 O.S. 113.2, WHICH ALLOWS WITHDRAWALS FROM THE RETAINAGE SET UP BY 61 O.S. 113.1, IS EMBODIED IN THE PRESENT CONTRACT. THE FACT THAT THE STATUTE ALLOWS WITHDRAWAL PROVISIONS IN A CONTRACT DOES NOT MEAN THAT THESE PARTIES HAVE CONTRACTED FOR THOSE PROVISIONS. THUS, INTERPRETATION OF THE CONTRACT AND BIDDING DOCUMENTS IS NECESSARY. ACCORDING TO A LETTER FROM D. C. BASS SONS, THE BIDDING INSTRUCTIONS AND CONTRACT CONTAIN A PROVISION TO THE EFFECT THAT ALL APPLICABLE STATE LAWS WILL BE DEEMED TO BE INCLUDED IN THE CONTRACT THE SAME AS THOUGH WRITTEN OUT IN FULL. IT IS, THEN, A MATTER OF INTERPRETATION AS TO WHETHER THAT PROVISION, OR EVEN SOME OTHER LANGUAGE, WOULD CAUSE 113.2 TO BE INCORPORATED INTO THE CONTRACT.
IT IS LEGALLY PERMISSIBLE FOR 61 O.S. 113.2 TO BE A PART OF THE CONTRACT ALONG WITH THE CONTRACTUAL RETAINAGE PROVISION SET OUT IN YOUR LETTER, BUT IT IS A MATTER OF INTERPRETATION AS TO WHETHER OR NOT IT IS INCLUDED IN THE CONTRACT BY REFERENCE. BARRING ANY LEGAL OR STATUTORY PROHIBITION AGAINST SUBSEQUENT ADDITIONS OR CHANGES, THE PARTIES MAY WISH TO AMEND THE CONTRACT IN WRITING TO CLEARLY SET OUT PROVISIONS REGARDING WITHDRAWAL FROM RETAINAGE.
I THINK YOU CAN UNDERSTAND THAT THERE IS NO GENERAL RULE OF LAW WHICH WILL ANSWER YOUR QUESTION. THEREFORE, A FORMAL OPINION CANNOT BE ISSUED UNDER THESE CIRCUMSTANCES. HOWEVER, IF YOU HAVE ANY FURTHER QUESTIONS ABOUT THIS LETTER, PLEASE FEEL FREE TO CALL ME.
(GAY ABSTON TUDOR)